**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

CANATELO, LLC,

     **Plaintiff,**

        v.                     **CIVIL NO.** 12-1431(JAG)

AVIGILON CORP.,

     **Defendant.**

---

**OPINION AND ORDER**

Before the Court is Avigilon Corp.'s ("Defendant") Motion to Stay Litigation Pending *Inter Partes* Review ("IPR"). For the reasons stated below, the Court **GRANTS** the motion in part, subject to the caveat explained below.

**BACKGROUND**

Canatelo, LLC ("Plaintiff") filed this action on June 4, 2012, alleging that Defendant infringes U.S. Patent Nos. 6,476,858 ("the '858' Patent") and 7,310,111 ("the '111' Patent")(together the "patents-in-suit"). Plaintiff filed a First Amended Complaint on March 1, 2013 and a First Supplemental Complaint on September 5, 2013. To date, initial disclosures, both parties' service of interrogatories, and requests for production have occurred. No other substantive discovery has taken place.

Civil Case No. 12-1431 (JAG)                                          2

Plaintiff brought suit against AXIS Communications, Inc. ("AXIS") for infringement of both the patents-in-suit on July 12, 2013 in the District of Delaware. On January 30, 2014, AXIS petitioned for IPR of both the patents-in-suit alleging they are un-patentable over the prior art.

The Patent Trial and Appeal Board has until July 30, 2014 to decide whether the prior art relied on by AXIS meets the standard for instituting an IPR. If an IPR is instituted, the Patent Trial and Appeal Board will then conduct an administrative trial to determine whether the patents are invalid in view of the prior art raised by AXIS. The question presented here is whether this litigation should be stayed pending the outcome of the aforementioned proceeding.

## ANALYSIS

The IPR process is relatively new, but courts have analyzed motions for stay using the framework applicable to motions to stay pending reexamination by the Patent Office. See e.g., Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). In deciding whether to stay litigation pending Patent Office reconsideration of the validity of a patent, courts generally consider three factors: (1) whether litigation is at an early stage; (2) whether a stay will simplify the issues in question; and (3) whether a stay

will unduly prejudice or present a clear tactical disadvantage to the nonmoving party. See Soverain Software LLC v. Amazon.com, Inc., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); AT&T Intellectual Prop. I v. Tivo, Inc., 774 F. Supp. 2d 1049, 1051 (N.D. Cal. 2011). At bottom, courts have discretion to decide which factors to consider and how to weigh those factors so as to maintain control over its own docket. Landis v. N. am. Co., 299 U.S. 248, 254 (1936).

## A. Stage of Litigation

Contrary to Plaintiff's assertions, this case is still in its early stages. Plaintiff attempts to distinguish this case from the AXIS case by arguing that this case's complaint was filed in 2012. But this argument ignores that, pursuant to the Court's order, Plaintiff submitted a supplemental complaint on September 5, 2013. Moreover, discovery in this case is barely starting, and presumably has been aimed at the claim construction hearing. As such, the Court finds that the procedural standpoint of this case is not mature. Indeed, courts have granted stays in cases much more advanced than this one. Semiconductor Energy Lab. Co. v. Chimei Innnolux Corp., No. SACV 12-21-JST, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012)(granting defendants' opposed motion to stay even when trial date had been set and discovery was on the way); e-Watch, Inc v. ACTi Corp., No. SA-12-695, 2013

WL 6334372 (W.D. Tex. Aug. 9, 2013)(where the court granted a stay pending third-party IPR review thirteen months after the initial complaint). Accordingly, the Court finds that this factor weighs in favor of a stay.

## B. Potential for Simplification

This factor weighs heavily in favor of Defendant. If the patent-in-suit is invalidated, Plaintiff's patent claims here evaporates. Alternatively, in case the patent board rules in favor of Plaintiff, any invalidity arguments based on prior art would be moot here. Simplicity is achieved either way.

However, Defendant asks that the Court accept its stay without being bound by any adverse decision issued by the patent board. But in this case, the stay would serve no purpose and would not simplify any issue in this litigation. Defendant cannot have its cake and eat it too. Therefore, as Defendant later suggests in its brief, Defendant shall stipulate that it will be estopped from presenting invalidity arguments addressed and rejected in the IPR process. See e.g. e-Watch Inc. v. Avigilon Corp., No. H-13-0347, 2013 WL 6633936 (S.D. Tex. Dec. 17, 2013)(where trial court required Avigilon to stipulate that it would be estopped from asserting any invalidity arguments based on prior art publications on which the Patent Trial and Appeal Board based its Final Written Decision). By extension, Defendant will not be

Civil Case No. 12-1431 (JAG)                                          5

estopped if AXIS settles or withdraws its complaints from the IPR hearing.

**C. Undue Prejudice**

The gist of Plaintiff's claims is that, even though Plaintiff is a non-practicing entity ("NPE") that will not be prejudiced by Defendant's alleged unfair market advantage, there are alternative costs that this court must consider in assessing prejudice. But the many horrors suggested by Plaintiff, such as the quality and quantity of evidence disappearing, the evolving market, and the difficulty in tracking down witnesses, were addressed and rejected by the district court of Delaware in Canatelo v. AXIS Communications et al., 13-cv-1227, Dkt. 57 (D Del. May 14, 2014). As noted by that court, Plaintiff will be able to defend itself at the IPR hearings on identical claims. There is also no reason the evidence and experts used in that case would not be useful for the present case. It is not enough for Plaintiff to show prejudice; rather, any prejudice must be *undue*. Here, as the Delaware court held, there is none. The third and final factor, then, weighs in favor of Defendant.

CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** Defendant's Motion to Stay Litigation. Defendant shall submit its stipulation on or before June 12, 2014.

Civil Case No. 12-1431 (JAG)                                              6

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of June, 2014.

                                   s/ Jay A. Garcia-Gregory
                                   JAY A. GARCIA-GREGORY
                                   United States District Judge